YELVERTON, Judge
(dissenting).
I respectfully submit that there is no basis on this record to reverse the trial judge. The majority concludes that Mrs. Crockett was under no duty to observe the boys because there was a “hard rain” in progress and her duty in a “heavy rain” was to look straight ahead. The trial judge in his written reasons for judgment found that the children rode out of the driveway in a “light rain”, that “the defendant driver had a completely clear and unobstructed view of the entire length” of the driveway and that “a mere glance in that direction would have been sufficient to reveal the presence of the child and his companion”. The trial judge was impressed by the fact that Mrs. Carver, the other driver on the street who witnessed the development of the accident and the accident itself, said she saw the children, that she was afraid an accident might happen, and she accordingly brought her vehicle to a stop. I do not find manifest error in these factual conclusions. The record adequately supports them. While there was some testimony it was raining hard, there was at least an equal amount of testimony that it was not. Two witnesses testified it was merely sprinkling. The police, arriving after the accident, found the streets dry. Positive proof that the rain was not bad enough to obstruct vision lies in the testimony of Mrs. Carver, whose testimony the majority accepts as true. She saw everything, and she was a greater distance from the accident scene than Mrs. Crockett. I am compelled to conclude, as did the trial judge; that Mrs. Carver saw what she saw because the rain was not coming down hard enough to prevent her from seeing it. In my opinion, the trial court’s conclusions of fact as to the force of the rain and conditions of visibility *583 have a reasonable basis in the record, and I would accept his findings of fact that only a light rain was in progress and that this should not have obstructed Mrs. Crockett’s view any more so than it did Mrs. Carver’s. I would follow the test for appellate review laid down in Canter v. Koehring Company, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
I also disagree with the majority’s conclusion that Mrs. Crockett had no chance to avoid the collision. Here again, the majority bases its reasoning upon factual conclusions which differ from those found by the trial court, without first having determined that the trial court was manifestly erroneous in its conclusions of fact.
The majority gives three reasons why Mrs. Crockett had no chance to avoid the accident. The first reason given was that the boy’s bicycle struck the car (about a foot from the front end) rather than the car striking the boy; I submit this fact has no relevance to last clear chance. The second reason was that Mrs. Carver, the other driver, was unable to stop until she had reached a point about a car’s length past the point of collision. I submit that this is an incorrect factual conclusion. The record reveals she stopped a car length before the point of collision. Based on the erroneous assumption that Mrs. Carver stopped a car length past the point of collision, the majority concludes that Mrs. Crockett likewise could not have stopped in time. There is nothing in the record to support the majority’s conclusion that Mrs. Carver stopped a car length past the point of collision (except a similar comment in defendants’ brief). There are only two places in the entire testimony where Mrs. Carver’s stopping point is mentioned and that is in her own testimony. In one place she said she stopped a car length from the accident. In the other place she said:
“Well, the accident was in front of me and I stopped a car length at most in front of the accident . . .”
The third reason the majority gives for concluding Mrs. Crockett had no chance to avoid the collision is based upon what I submit is still another erroneous conclusion of fact. The majority places Mrs. Crockett’s car one car length from the Sims driveway when the events leading up to the accident happened, concluding therefrom that she was too close to the scene to have avoided the accident. The events leading up to the accident, as testified to by Mrs. Carver, began with the boys 20 feet up the driveway, facing away from the street, with one foot on the ground. It is not possible that Mrs. Crockett traveled only a “car length” during the time it took the boys 'to mount their bicycles, turn around, and from a standstill, travel 20 feet down the driveway and some more distance out into the street to strike the front end of her car. Traveling 10 to 12 miles per hour, Mrs. Crockett had to be much farther than a car length down the street when the accident began to develop, and had she seen what she should have seen, she had ample time to have stopped or slowed down sufficiently to avoid the accident. The trial judge so concluded, and I can find no manifest error in this conclusion.
This accident happened in the afternoon after school hours in a residential area known to be frequented by children and where a IS mph speed limit was posted. *584 The trial judge found conditions of visibility were unobstructed, a fact which has ample support in the record, particularly in the testimony of the disinterested witness who saw the accident develop and was able to stop her car before the point where it happened. The trial judge found that Mrs. Crockett should have seen the boys and, had she done so, she could have avoided the accident. I cannot find manifest error in the trial judge’s findings both as to the duty and opportunity of defendant to avoid the accident and, for .these reasons, I would affirm.